UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                    Chapter 7
Austin M. Ingram,                                                          Case No. 13-35756-svk
        Debtor.

MEMORANDUM DECISION ON MOTION FOR SANCTIONS

The automatic stay is one of the fundamental protections of bankruptcy law, and willful violations of the stay should be met with swift and significant penalties. *See* 11 U.S.C. § 362(k). In this case, a judgment creditor caused an execution to be issued, and the Kenosha County Sheriff seized the Debtor's truck. A towing company engaged by the Sheriff was storing the truck when the Debtor filed bankruptcy, and the towing company refused to release the truck unless the Debtor paid its storage charges. A bank with a lien on the truck sought damages, including punitive damages and attorneys' fees for this alleged stay violation. The twist here is that the motion for sanctions is directed at the towing company, not the judgment creditor.

**Facts**

Austin Ingram (the "Debtor") and his grandmother, Joan Lorenz, are co-owners of a 2008 Ford F350 Crew Cab Truck (the "Vehicle"). In January 2013, Allied First Bank (the "Bank") made a loan of approximately $28,000 to the Debtor and his grandmother secured by a lien on the Vehicle. The Bank's lien is noted on the Vehicle's Certificate of Title. On August 9, 2013, Richard Scott Wilson ("Wilson") obtained a judgment against the Debtor in the amount of $15,465.79 in a small claims action in Kenosha County, Wisconsin. Although his judgment is a simple money judgment, not a judgment to enforce a lien on or to recover specific property, Wilson tendered an execution on judgment to the County Sheriff, specifically directing that the execution should include the Vehicle. On December 4, 2013, despite the Debtor's protestations to the Sheriff that the Vehicle was fully encumbered by the Bank's lien, the Sheriff contacted Jensen Towing to tow it away. The Debtor consulted an attorney to try to get the Vehicle back.

Apparently the attorney orally or via e-mail contacted the Judge Schroeder's clerk (the Circuit Court Judge who entered the judgment against the Debtor), "and he stated, and I have the e-mail here, said that the remedy essentially would be through the bankruptcy statute." (Statement of Attorney Kayla Laswell at hearing held March 12, 2014). The Debtor filed a Chapter 7 bankruptcy petition on December 9, 2013.

The Debtor, his counsel and the Bank's counsel advised Jensen Towing that the Debtor had filed bankruptcy and made multiple requests to Jensen Towing to release the Vehicle. On each occasion, Jensen Towing refused to release the Vehicle without payment of towing and storage fees. On January 13, 2014, Jensen Towing notified the Debtor and his grandmother that "If we are not contacted within 20 days of receipt of this letter or payment in full to Jensen Towing we have the right to sell or junk this vehicle." On January 15, 2014, Jensen Towing advised the Bank's counsel that Wilson had "released" the Vehicle on January 11, 2014, and the Debtor could retrieve the Vehicle by payment of $1,360 in storage charges. The charges were calculated from December 9, 2013 (the date of the petition) to January 11, 2014 (the date the judgment creditor released the Vehicle). On January 21, 2014, the Bank filed a motion for sanctions against Jensen Towing for violation of the automatic stay.

On February 3, 2014 the Court held a preliminary telephone hearing on the Bank's motion for sanctions. Jensen Towing did not appear. The Debtor and the Bank's attorney were on the telephone. However, the Debtor's attorney did not appear until the Court called and requested that she participate. Attorney Laswell stated that her $1,750 fee did not include participation at a hearing to enforce the automatic stay, leading the Court to schedule a hearing on the reasonableness of that fee. After determining that the Bank did not serve the motion on Jensen Towing in accordance with Bankruptcy Rule 7004(b)(3), the Court required the Bank to re-serve the motion and scheduled an evidentiary hearing for February 21, 2014. The Court also asked the Bank's attorney to brief the issue of Jensen Towing's alleged violation of the stay considering that the Debtor had filed a Chapter 7 case, and Jensen Towing was in possession of the Vehicle as a result of a Sheriff's execution on a judgment. The brief was requested in part because several courts have held that Chapter 7 debtors lack standing to prosecute stay

2

violations involving property of the estate, as the trustee, not the debtor, is vested with standing to seek turnover of estate property. *See, e.g., Bucchino v. Wells Fargo Bank, N.A. (In re Bucchino)*, 439 B.R. 761 (Bankr. D.N.M. 2010).

On February 18, 2014, the Bank filed its supplemental brief and informed the Court that on February 10, 2014, Jensen Towing offered to release the Vehicle to the Debtor without payment of towing or storage fees. On February 11, 2014, the Debtor regained possession of the Vehicle. The Bank nevertheless sought to proceed with its motion, requesting attorneys' fees of over $5,784 and punitive damages in an amount sufficient to deter future violations of the stay. The Court canceled the hearing and took the issue of the Bank's entitlement to attorneys' fees and punitive damages under advisement. This Decision addresses the Bank's motion.

## Analysis

The filing of a bankruptcy petition stays virtually all efforts by creditors to enforce their claims against the debtor or the debtor's property. *See* 11 U.S.C. § 362(a). Section 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." At least in the Chapter 13 context, the Seventh Circuit has held that the knowing retention of estate property is a violation of the automatic stay. *See Thompson v. GMAC, LLC*, 566 F.3d 699 (7th Cir. 2009) (holding that a creditor's failure to return a vehicle to a Chapter 13 debtor violated the stay). *Thompson* is a typical stay violation case in which a creditor with a consensual security interest in a vehicle repossessed the debtor's vehicle and refused to return it when the debtor filed a Chapter 13 case.

This case is different. Prior to the petition Wilson obtained a judgment against the Debtor, and pursuant to Wis. Stat. § 815.04, in an attempt to satisfy his judgment, Wilson caused an execution to be issued to the Sheriff. For reasons that are not clear to this Court, Wilson was able to obtain an execution that expressly directed the Sheriff to seize the Debtor's Vehicle, even though the Vehicle was fully encumbered by a lien that was senior to Wilson's judgment and exempt under Wisconsin law.

3

In a letter to the Court and at the hearing concerning the fees charged by the Debtor's former attorney, the Debtor represented that he told the Sheriff that the Vehicle was fully encumbered. This statement should have prevented the execution on the Vehicle. Section 815.18(3)(g) of the Wisconsin Statutes authorizes a debtor to exempt from execution "Motor vehicles not to exceed $4,000 in aggregate value." "Aggregate value" is defined in § 815.18(2)(a) as the "sum total of the debtor's equity in the property claimed exempt." And "equity" means the "fair market value of the debtor's interest in property, less the valid liens on that property." Wis. Stat. § 815.18(2)(g). The Debtor valued the Vehicle on his bankruptcy schedules at $20,565 and gave the amount of the Bank's secured claim at $24,686. Even if the Debtor's valuation was too low, with the Bank's lien and the $4,000 exemption ahead of Wilson's judgment, it is readily apparent that the Vehicle was exempt from execution. And if there was any question that there was equity in the Vehicle above and beyond the Bank's lien and the Debtor's exemption, Wis. Stat. § 815.19 provides a process the Sheriff could have used to appraise the Vehicle.

Given the Bank's lien and $4,000 exemption which would have been paid ahead of Wilson's judgment, it appears that Wilson erred in directing the Sheriff to seize the Vehicle, and the Sheriff erred in seizing it. Faced with these errors, the Debtor and the Bank could have and probably should have filed for relief in the Kenosha County Circuit Court. *See Stern v. Riches*, 111 Wis. 591, 87 N.W. 555 (1901) (holding that officer levying on property can be liable for refusing to recognize debtor's claim of exemption). Documents filed and statements made in the attorneys' fee hearing suggest that the Debtor, his mother, a Bank officer, and the Debtor's former attorney made telephone calls and sent e-mails to the Circuit Court clerk to try to recover the Vehicle. Trying to save time and money by e-mailing the clerk may have made sense to the non-lawyers, but there is little reason for an attorney to use this procedure to assert the Debtor's exemptions or the Bank's lien.

When the telephone calls and e-mails did not cause the release of the Vehicle, the Debtor filed a Chapter 7 bankruptcy petition, activating the automatic stay. The Debtor's attorney did not file any emergency motions (or any motions at all) to recover the Vehicle. According to her billing statements and e-mails produced in the fee hearing, she made some telephone calls including to Wilson's attorney,

4

who stated that Wilson "will not sign for the truck to be released." The Debtor's attorney did not recognize this apparent violation of the stay, and she told the Debtor that the Bank needs to "use their legal counsel to pursue getting the truck released." The Bank's attorney prepared a release for Wilson's signature, but when that did not induce Jensen Towing to turn over the Vehicle, the Bank filed the motion for sanctions against Jensen Towing.

However, Jensen Towing held the Vehicle at the behest of the Kenosha County Sheriff. Section 779.415(1g)(a) of the Wisconsin Statutes provides for a statutory lien for towing and storage fees that arise when a vehicle is towed at the request of a traffic officer. That section provides:

> Every motor carrier holding a permit to perform vehicle towing services, every licensed motor vehicle salvage dealer, and every licensed motor vehicle dealer who performs vehicle towing services or stores a vehicle, when such towing or storage is performed at the direction of a traffic officer or the owner of the vehicle, shall, subject to sub. (1m) (b), have a lien on the vehicle for reasonable towing and storage charges, and may retain possession of the vehicle, until such charges are paid.

"Traffic officer" is not defined in § 779, although it is defined elsewhere in the Wisconsin Statutes. Section 340.01(70) states that "traffic officer means every officer authorized by law to direct or regulate traffic or to make arrests for violation of traffic regulations." The Kenosha County Sheriff and his deputies qualify as traffic officers under this definition. *See* Wis. Stat. § 349.02. Nothing in § 779 requires that the traffic officer must be regulating traffic when the officer directs a vehicle to be towed. In this case, since the Sheriff is a traffic officer who directed Jensen Towing to remove the Vehicle, and assuming Jensen Towing has a license to perform vehicle towing services, then Wis. Stat. § 779.415(1g)(a) applies. Section 779.415(1g)(a) also specifies that, assuming the proper notice is given, a portion of the towing and storage lien has priority over a senior security interest like the Bank's. Depending on the weight of the vehicle, towing charges of $100 to $350 have priority over a security interest, and storage charges of $10 to $25 per day, up to a total of $600 or $1,500 trump a security interest. Under the statute, Jensen Towing has a statutory lien on the vehicle which is perfected by possession of the vehicle, and that lien, to the extent specified in the statute, primes the Bank's lien.

5

As the holder of a valid possessory statutory lien on the Debtor's Vehicle, Jensen Towing did not violate the stay by refusing the release it. Bankruptcy Code § 362(b)(3) provides that the filing of a bankruptcy petition does not stay an "act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) . . . ." Section 546(b)(1)(B) in turn provides that a trustee's rights and powers "are subject to any generally applicable law that . . . provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." In other words, a creditor's post-petition possession of property necessary to the perfection of a pre-petition lien does not violate the stay. *See Boggan v. Hoff Ford, Inc. (In re Boggan)*, 251 B.R. 95 (B.A.P. 9th Cir. 2000) (mechanic did not violate the stay by refusing to release possession of vehicle where possession was necessary for statutory lien).

Although it did not violate the stay by maintaining possession of the Vehicle, since the Vehicle was property of the estate that the Debtor could claim as exempt, Jensen Towing could have been subjected to a turnover action under Bankruptcy Code § 542 or § 543. At least one court has held that a sheriff holding a truck pursuant to a writ of execution is a "custodian" and required to turn over property of the bankruptcy estate under § 543. *See Skinner v. First Union Nat'l Bank (In re Skinner)*, 213 B.R. 335 (Bankr. W.D. Tenn. 1997). However, before being required to turn over property of the estate, Jensen Towing would be entitled to reasonable compensation for services rendered and reimbursement of expenses incurred in connection with holding the vehicle on behalf of the judgment creditor.

Moreover, while Jensen Towing was entitled to hold onto the Vehicle in order to maintain perfection of its statutory lien, no such excuse or defense applies to Wilson. His judgment execution caused Jensen Towing to be in possession of the Debtor's Vehicle. (Again, the execution itself, upon a fully encumbered Vehicle that was exempt from execution, also appears wrongful in this Court's view.) Once the Debtor filed a bankruptcy petition, Wilson was required to take steps to release his execution so that the Debtor could reclaim his Vehicle. An e-mail suggests that the Debtor's attorney notified Wilson's attorney of the bankruptcy, and requested that he release the Vehicle. He refused. This action

6

appears to have violated the stay. Numerous cases hold that it is the judgment creditor, not the Sheriff, or as in this case, the towing company, who is responsible for the stay violation when the judgment creditor exercises such control over property of a bankruptcy estate. *See, e.g., Westman v. Andersohn (In re Westman)*, 300 B.R. 338 (Bankr. D. Minn. 2003) (holding that sheriff did not violate stay, it was up to judgment creditor to release the execution); *In re Zajni*, 403 B.R. 891 (Bankr. M.D. Fla. 2008) (concluding judgment creditor violated stay by not releasing vehicle); *In re Hernandez*, 468 B.R. 396, 405 (Bankr. S.D. Cal. 2012) ("Upon receiving notice of the Debtor's September 27, 2011 bankruptcy petition, [the judgment creditor] had an affirmative obligation to cease its collection procedures and notify the Sheriff to return the property.")

## Conclusion

Jensen Towing held the Debtor's Vehicle as the agent for the Sheriff who seized the Vehicle pursuant to Wilson's execution. Wilson, not the Sheriff or Jensen Towing, was the Debtor's creditor who exercised control over property of the estate by failing to take affirmative steps to cause the release of the Vehicle. Jensen Towing may have been a custodian in possession of bankruptcy estate property, and could have been compelled to release the Vehicle in a turnover action. No such action was filed. Instead, the Bank accused Jensen Towing of violating the automatic stay. Jensen Towing had a valid possessory lien under Wis. Stat. § 779.415(1g)(a), and did not violate the stay by refusing to release the Vehicle which would have caused Jensen Towing to lose its lien. Jensen Towing's threat to sell or junk the Vehicle if the Debtor or his grandmother did not respond within 20 days probably constituted a stay violation. Had Jensen Towing carried out this threat, the case would be different. But in the end, Jensen Towing released the Vehicle to the Debtor without requiring the payment of storage or towing charges. Under these circumstances, Jensen Towing is not liable for the Bank's attorneys' fees or for punitive damages under Bankruptcy Code § 362(k).

The Bank and the Debtor could have state court remedies for the damages caused by the apparent wrongful execution on the Debtor's fully-encumbered Vehicle. If the Sheriff required Wilson to post a

7

Case 13-35756-svk    Doc 37    Filed 03/27/14    Page 7 of 8

bond under Wis. Stat. § 815.24, the Bank may have some recourse against the bonding company. And, as noted above, documents filed in this case suggest that Wilson may have violated the stay by refusing to release the execution after being notified of the bankruptcy. Wilson is not a party to this motion, so the Court does not have the benefit of his side of the story. As to Jensen Towing, the Bank's motion for sanctions should be denied. A separate order will be issued.

Dated: March 27, 2014

By the Court:

/s/ Susan Kelley
Susan V. Kelley
U.S. Bankruptcy Judge